IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

QUINNE POWELL,

      Petitioner,

v.                                       Civil Action No. 1:18cv149
                                           (Judge Kleeh)

JENNIFER SAAD,

      Respondent.

## REPORT AND RECOMMENDATION

### I. Introduction

On August 2, 2018, the *pro se* Petitioner, Quinne Powell ("Powell"), an inmate then-incarcerated at FCI Hazelton[1] in Bruceton Mills, West Virginia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, along with a motion to exceed the page limits and a memorandum in support. ECF Nos. 1, 2, 3. The Clerk of Court issued a deficiency notice, directing Petitioner to file a motion to proceed as a pauper and a copy of his Prisoner Trust Fund Account Report ("PTAR") with its Ledger Sheets. ECF No. 5.

Pursuant to the deficiency notice, on August 10, 2018, Petitioner paid the requisite fee. ECF No. 7. By Order entered August 21, 2018, Powell's motion to exceed the page limits was granted. ECF No. 8.

---

[1] The Bureau of Prisons' ("BOP") online inmate locator indicates that Petitioner was released from prison on October 4, 2019. See FEDERAL BUREAU OF PRISONS, FIND AN INMATE, *available at*: https://www.bop.gov/inmateloc/ (last visited April 14, 2021).  Despite having been released over seven months ago, Petitioner has not updated the Court with his new address.

By Miscellaneous Case Order entered November 30, 2018, this case was reassigned from Senior United States District Judge Irene M. Keeley to United States District Judge Thomas S. Kleeh. ECF No. 10.

This matter, before the undersigned for a Report and Recommendation pursuant to LR PL P 2, is ripe for review.

## II. Factual and Procedural History

### A. Conviction and Sentence[2]

On June 3, 2005, after a 17-day jury trial in the United States District Court for the District of Connecticut, Petitioner was found guilty on multiple counts of a Superseding Indictment: Count One, Racketeering in Corrupt Organizations, in violation of 18 U.S.C. § 1962(c); Count Two, Rico Conspiracy, in violation of 18 U.S.C. § 1962(d); Counts Three, Four, and Six, Conspiracy to Possess with Intent to Distribute 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. § 846; Count Nine and Twelve, Obstruction of Justice/Witness Tampering, in violation of 18 U.S.C. § 1512(b)(3); and Count Thirteen, Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(a)(a). ECF No. 1860.

On December 21, 2005, Powell was sentenced to life imprisonment on Counts One, Two, Three, Four and Six, 10 years imprisonment on Counts Nine and Twelve, and 20 years on Count Thirteen, all terms to run concurrent, to be followed by a total term of 5 years supervised release on Counts One, Two, Three, Four, and Six, and 3 years on Counts Nine, Twelve, and Thirteen, all

---

[2] This information is taken from Petitioner's criminal docket in the United States District Court for the District of Connecticut, No. 3:99cr264-VAB-18, available on PACER. Unless otherwise noted, the ECF referrals in this section are to his criminal docket. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record"); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.")

terms to run concurrent. Powell was also directed to pay a special assessment fee of $800.00, and fined $100,000.00. ECF No. 2002.

Powell timely appealed. On appeal, jointly with another co-defendant, "Walker," Powell and Walker challenged their convictions and sentences, raising ten issues, including *inter alia,* improper admission of evidence, insufficiency of evidence to support certain convictions, that certain charges were barred by the statute of limitations, faulty jury instructions, violations of the Confrontation Clause, and sentencing concerns. The arguments with respect to improper admission of opinion evidence and violation of the Confrontation Clause were raised jointly, while the others were raised individually. By summary order entered September 16, 2008, the Second Circuit Court of Appeals affirmed both defendants' convictions and Walker's sentence, and remanded for further proceedings with respect to Powell's sentence,[3] directing it to amend its judgment to include a written statement of the specific reasons for imposing the fine against Powell, including his present financial condition, predicted earning capacity, and ability to pay. ECF No. 2266.

On December 31, 2009, Powell filed a Motion to Vacate under 28 U.S.C. § 2255, raising claims of trial counsel's ineffectiveness for failure to object to an alleged misapplication of U.S.S.G. § 2D1.1(d)(1); 2) failure to move to dismiss Count Three because it was outside the statute of limitations; and 3) failure to request an instruction that the government must prove the identity of a specific victim whom Petitioner conspired to murder, and to move for a directed verdict of not guilty because the government failed to establish the identity of a specific victim Petitioner conspired to murder. See D. Conn. Case No. 3:09cv2141, ECF No. 1. On June 2, 2011, the Motion was denied. Id., ECF No. 21. Powell moved to amend on June 27, 2011. Id., ECF No.

---

[3] Powell's criminal docket reflects that an Amended Judgment was entered on April 10, 2008, which indicated that no fine was imposed. ECF No. 2238.

22. The submission was returned as unsigned/deficient on July 14, 2011. Id., ECF No. 23.  On July 27, 2011, Powell filed a Notice of Appeal, to appeal the order denying his § 2255 motion. Id., ECF No. 24. Powell also filed a motion to alter judgment in the sentencing court the same day. Id., ECF No. 28.

On June 27, 2016 in the Second Circuit Court of Appeals, Powell filed a motion for leave to file a second or successive Motion to Vacate pursuant to 28 U.S.C. § 2255, contending that under Johnson,[4] his convictions for racketeering conspiracy were no longer crimes of violence. See 2nd Cir. Case No. 16-2199, ECF No. 2. Two days later, on June 29, 2016 in the sentencing court, Powell filed another Motion to Vacate pursuant to 28 U.S.C. § 2255, arguing that under Johnson, his convictions for racketeering conspiracy were no longer crimes of violence. See D.Conn. Case No. 3:16cv1085, ECF No. 1. Along with his motion to vacate, Powell filed a motion to stay, noting that he had already moved to file a second or successive § 2255 motion in the Second Circuit Court of Appeals. Id., ECF No. 2. By Order entered in the Second Circuit on March 30, 2017, Powell's motion to file a second or successive § 2255 was denied.  See 2nd Cir. Case No. 16-2199, ECF No. 38.  Mandate issued on May 22, 2017.  Id. at 41. By Order entered in the § 2255 proceedings in the sentencing court, the motion to stay was denied as moot and the § 2255 was closed. D.Conn. Case No. 3:16cv1085, ECF No. 5.

On June 18, 2018, Powell filed an 18 U.S.C. § 3582(c)(2) Motion to Reduce Sentence. ECF No. 2467. By Order entered October 3, 2019, the motion was denied as moot. ECF No. 2587.

On January 4, 2019, Powell filed a Motion for Relief under the Retroactive First Step Act. ECF No. 2473.  Counsel was appointed, the matter fully briefed, and a motion hearing was held. By Order entered October 3, 2019, the Motion was granted. ECF No. 2586.  As noted *supra*,

---

[4] Johnson v. United States, 135 S. Ct. 2551 (2015).

Powell was released from prison the next day. An Amended Judgment was entered on December 30, 2019, reflecting that Powell was sentenced to time served and five years total supervised release. ECF No. 2628. On January 16, 2021, through counsel, Powell moved for early termination of supervised release. ECF No. 2711. By Order entered February 2, 2021, Powell's term of supervised release was reduced by twelve months. ECF No. 2714.

A. **The Petition**

In his petition, Powell challenges his life sentence, arguing that a "recent decision in Montgomery[5] renders Alleyne[6] substantive and requires vacatur" of his sentence. ECF No. 1 at 5.

As relief, Powell seeks to have his life sentence vacated and to be resentenced in accordance "under all new applicable laws including the Fair Sentencing Act." Id. at 8.

Petitioner contends that his remedy by way of § 2255 is inadequate or ineffective to test the legality of his detention under the recent principles set forth in Wheeler.[7] Id. at 9.

### III. Analysis

Article III of the United States Constitution limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3rd Cir. 1996). In the context of a habeas corpus proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Leonard v.

---

[5] Montgomery v. Louisiana, 136 S.Ct. 718 (2016).

[6] Alleyne v. United States, 570 U.S. 99 (2013).

[7] United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018).

Hickey, 2009 WL 1939174 at 2 (S.D. W.Va. 2009)(quoting Braden v. 30th Judicial Cir. Ct. of Ky, 410 U.S. 484, 494-95 (1973)). If the respondent can no longer provide the requested relief, then the court cannot consider the petition. Id.

In the instant case, Petitioner seeks to have his life sentences vacated. However, on October 4, 2019, Petitioner was released from BOP custody. Because Petitioner's release from the BOP has mooted his claims, there is no further relief which this Court can grant, and this case should be dismissed.

## IV. Recommendation

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED as moot** and that this matter be **STRICKEN from the active docket of this Court.**

The Petitioner is notified that this Report and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas S. Kleeh, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the **Petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Report and Recommendation within which to file with the Clerk of this Court**, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with

LR PL P 12. Extension of this time period may be granted by the presiding District Judge for good cause shown.

**Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  A copy of such objections shall be served on Judge Kleeh.

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, at his last known address as shown on the docket.

Further, upon entry of this Report and Recommendation, the Clerk is also **DIRECTED** to terminate the Magistrate Judge association with this case.

DATE: April 20, 2021

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE